FILED
 2010 Feb-12  AM 11:18
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH BELL, individually and as Executrix of the Estate of Louis Bell, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CASE NO. 7:09-CV-0694-SLB |
| CITY OF YORK, ALABAMA; DAVID ROWRY; CAROLYN MITCHELL-GOSA, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is presently before the court on plaintiff's Motion to Substitute Service, to Reconsider Order Denying Service by Publication, or to Extend Time to Serve Defendant David Rowry, (doc. 21),[1] and defendant David Rowry's Motion to Quash Service of Process and Motion to Dismiss for Lack of Personal Jurisdiction, and in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b), (doc. 27).

Plaintiff asks the court to allow her to serve defendant through his attorney and/or by publication; she also asks the court to extend the time for service until November 30, 2009. (Doc. 21 at 4-5.) Plaintiff personally served defendant on November 30, 2009. (Doc. 34 at 4.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Substitute

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Service and to Reconsider Order Denying Service by Publication, (doc. 21), is due to be denied; her Motion to Extend Time to Serve Defendant David Rowry, (*id*.), is due to be granted.

Defendant Rowry asks the court to quash service of process as untimely and to dismiss the claims against him for lack of personal jurisdiction. (Doc. 27 at 2-3.) Specifically, he asks the court to dismiss plaintiff's claims "for lack of personal jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(2) and insufficient service of process pursuant to Fed. R. Civ. Proc. 12(b)(5)." (*Id*. at 3.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Quash Service of Process and Motion to Dismiss for Lack of Personal Jurisdiction, and in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b), (doc. 27), is due to be denied.

This action was filed on April 10, 2009. (Doc. 1.) On September 1, 2009, the court issued a Show Cause Order, which ordered plaintiff to show cause why her claims against Rowry should not be dismissed pursuant to Fed. R. Civ. P. 4(m). (Doc. 15.) In response, plaintiff asked the court to extend the time to serve Rowry, (doc. 18), and the court extended the time to serve Rowry until November 16, 2009, (doc. 19).

On November 9, 2009, plaintiff filed a Motion to Substitute Service, Reconsider Order Denying Service by Publication, or Extend Time to Serve Defendant David Rowry.

(Doc. 21.) In this Motion, plaintiff outlined her efforts to serve Rowry following this court's Order extending the time for service; she stated:

> 1. Attorney Randall Morgan has represented on multiple occasions to the undersigned counsel that he represents David Rowry in this case. Despite this, Mr. Morgan has refused to accept service on behalf of Mr. Rowry and refused to provide counsel with an address for Mr. Rowry. Counsel recently subpoenaed Mr. Morgan's records showing Mr. Rowry's address, but fully expects Mr. Morgan to continue to obstruct Plaintiff's access.
>
> 2. Plaintiff has made numerous attempts to locate Mr. Rowry prior to taking this measure of requesting that service be permitted on Mr. Morgan.
>
> 3. Plaintiff has contacted Mr. Rowry's previous employer, the York Police Department, which claims that they are not aware of Mr. Rowry's whereabouts.
>
> 4. Plaintiff has contacted Mr. Rowry's criminal defense attorney, Belinda Weldon, who refused to provide an address. Plaintiff has also subpoenaed her records showing Mr. Rowry's address, but again suspects that Ms. Weldon will attempt to obstruct Plaintff's access to these records.
>
> 5. Plaintiff subpoenaed the prosecutor's office, requesting in a motion to compel contact information for Mr. Rowry. This is pending with this court.
>
> 6. Plaintiff hired a private investigator, Bobby House, who was able to contact Mr. Rowry by phone. When Mr. House asked Mr. Rowry where he could meet to serve him, Mr. Rowry referred Mr. House to attorney Morgan. Attorney Morgan again refused to accept service on behalf of Mr. Rowry when contacted by Mr. House.
>
> 7. On November 2, 2009 the undersigned Counsel traveled over 600 miles to Sumter County, Alabama to serve Mr. Rowry at a court hearing for which his attendance was required, as stated by the court's staff when undersigned inquired. Mr. Rowry failed to appear personally, but his defense attorney apparently managed to convince the judge that his attendance was not necessary. Counsel suspects that Mr. Rowry's attorneys have advised him not to show up at court. Attorney Morgan openly acknowledged that he was

3

monitoring the electronic docket on this case. Counsel stated in his previous motion that he would attempt to serve Mr. Rowry at his next court hearing.

8. At the court hearing, the undersigned approached the prosecutor and requested whether he would provide the contact information. The prosecutor refused.

9. Counsel searched the court file and spoke with the court deputy. According to the court deputy, the address contained in the court file was not correct and all mail had come back. Further, Mr. Rowry was ordered to be in court, but all communication has been through his attorney.

10. Counsel also approached Ms. Weldon on November 2, 2009 out side of the court. Ms. Weldon confirmed that Mr. Rowry was represented by Mr. Morgan and then refused to provide any additional information.

11. Following the unsuccessful court hearing on November 2, 2009, Counsel [traveled] to Macon, Mississippi on a hint that Mr. Rowry may be residing there. However, he was not.

12. Mr. Rowry's criminal case, CC-2008-72, is currently set for trial on November 30, 2009 at which point Mr. Rowry will be required to attend. However, as of the filing of this motion, there is some question whether that date will remain. Ms. Weldon has requested a continuance and the presiding judge, Hon. Eddie Hardaway, is himself unavailable. When Counsel inquired about the likelihood that this date would remain, the judge stated that he had a pre-existing commitment, but the date would remain if he could find another judge to preside over the matter.[2]

13. The undersigned has absolutely no doubt that Mr. Rowry is avoiding service with the assistance of counsel that he has already hired to represent him. As pointed out in Plaintiff's Response to Order to Show Cause, Mr. Rowry is well aware of this lawsuit because he has made statement to the media concerning it and told the private investigator that he was represented by Mr. Morgan.

---

[2] Defendant's trial went forward on November 30, 2009, and he was convicted of manslaughter in the death of Joe Louis Bell, plaintiff's decedent, on December 3, 2009.

> 14. In this court's previous order, the court denied service by publication and pointed to *Bedgood v. Garcia*, 2009 WL 1664131 (M.D. Ala. 2009). In *Bedgood*, however, there was no evidence whatsoever that the defendant was avoiding service. Instead, the problem was simply Plaintiff's inability to locate the defendant. Here, however, defendant relocated with knowledge of the lawsuit, hired an attorney to represent him but instructed his attorney not to disclose his whereabouts, and failed to show up at a court hearing with knowledge that Plaintiff was seeking to serve him there.

(*Id*. at 1-4 [footnote added].)

Plaintiff served defendant on November 30, 2009, at the Sumpter County Courthouse in Livingston, Alabama. (Docs. 25 and 26.)

Defendant argues, "Inasmuch as Plaintiff failed to serve Rowry either within the time allowed by the Federal Rules of Civil Procedure or this Court's Order dated September 18, 2009, her attempted service upon Rowry – approximately 234 days from the date of the Complaint – was a nullity." (Doc. 27 at 2 [citing *Thompson v. United States Dept. of Homeland Security*, 134 Fed. Appx. 420, 422 (11th Cir. 2005)(unpublished)].) The Eleventh Circuit in *Thompson*, an unpublished opinion,[3] held, "A district court has **no discretion** to salvage an action in the event of a violation of Rule 4(m) and 'good cause' has not been shown." *Thompson*, 134 Fed. Appx. at 422 (citing *In re Cooper*, 971 F.2d 640, 641 (11th

---

[3] In this circuit, "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007)(citing *United States v. Rodriquez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir.2004)); *see also* 11th Cir. R. 36-2.

Cir. 1992))(emphasis added).  *Thompson* was decided on June 16, 2005; however, three months earlier, the Eleventh Circuit, in a ***published*** opinion, decided that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  The court noted that the Advisory Committee Note states, "Relief [from the 120-day time for service] may be justified, for example, if the applicable statute of limitations would bar the refiled action, or ***if the defendant is evading service*** or conceals a defect in attempted service."  *Id*. at 1132-33 (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments)(emphasis added).  "[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court ***must*** still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll County Commissioner*, 476 F.3d 1277, 1282 (11th Cir. 2007)(emphasis added).  Indeed, under current Eleventh Circuit precedent, "***Only*** after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  *Id*. (emphasis added), *quoted in Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

Plaintiff does not argue that she had good cause for failing to serve defendant within the first 120-days after filing the Complaint or before November 16, 2009, the extended

6

deadline for serving him.[4]  (Doc. 34 at 7.)  She asks, however, that the court extend the deadline two weeks to November 30, 2009, the date she served Rowry.

Based on the record, the court finds that Rowry evaded service.  (Doc. 18 at 2-3 and Ex. F; doc. 21 at 1-3.)  Therefore, the court, in its discretion, extends the time for service up to and including November 30, 2009, the date Rowry was served.

---

[4]In her Response, plaintiff states:

> The undersigned feel that they cannot in good faith contend that there was good cause for Former Counsel's failure to timely serve Mr. Rowry. As stated above, good cause is shown when the Plaintiff demonstrates that she "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, (3) and the basis for the delay was more than simple inadvertence or mistake." *Daker* [*v. Donald*], [Civil Action No. 1:06-CV-0054-RWS,] 2008 WL 1766958, at *3 [N.D. Ga. Apr. 14, 2008]. The undersigned believes it cannot make such a demonstration.
>
> This Court has already found that Former Counsel had failed to demonstrate good cause for not timely serving Mr. Rowry within 120 days after the filing of the Complaint. Furthermore, without any concrete knowledge of Former Counsel's full efforts to comply with the this [sic] Court's September 18, 2009 Order (beyond Mr. Lenkowsky's trip to Alabama and Mississippi), the undersigned is hesitant to argue that Former Counsel acted in good faith and had good cause throughout. [footnote]
>
>> Footnote: Nevertheless, the efforts Mr. Lenkowsky describes he engaged in to perfect service following this Court's September 18 order appear substantial. He traveled well over 1,200 miles round trip to serve defendant, engaged in further attempts that day after defendant failed to appear in court, filed a motion one week later seeking additional time and effected service the day he knew where defendant would be.

(Doc. 34 at 7 and n.1.)

**CONCLUSION**

Plaintiff's Motion to Substitute Service, Reconsider Order Denying Service by Publication, or Extend Time to Serve Defendant David Rowry, (doc. 21), will be denied as to her Motion to Substitute and her Motion to Reconsider; it will be granted as to her Motion to extend Time to Serve Defendant. Defendant's Motion to Quash and Motion to Dismiss, (doc. 27), will be denied.

**DONE**, this 12th day of February, 2010.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE